IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | | |
|---|---|---|
| THERESA STEPHEN, | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) | CIVIL NO. 1998-202 |
| ANTIGUA BREWERY, INC., BELLOWS INTERNATIONAL, LTD. and CANEEL BAY, INC., | ) ) ) ) ) | |
| Defendants. | ) ) | |

**ORDER**

On March 24, 2011, plaintiff moved for entry of default against Antigua Brewery, Inc. on the basis that defendant failed to file an answer within the time prescribed by Federal Rule of Civil Procedure 12(a)(4)(A) "after the defendant's motion to dismiss was denied" on February 17, 2011,[1] and that Antigua Brewery failed to move for an enlargement of time to file its answer pursuant to Rule 6(b). Antigua Brewery in fact had filed an answer on March 22, 2011, and now moves pursuant to Rule 6(b) for the Court to accept that answer.

Rule 6(b) provides that a court may, for good cause shown, extent the time for an act to be accomplished on motion made after the time has expired if the party failed to act because of excusable neglect. In determining excusable neglect, a court may consider the following factors:

---

[1] The February 17, 2011Order did not deny a Rule 12 motion of Antigua Brewery; rather, it vacated an administrative dismissal entered on April 22, 2002. Thus, Rule 12(a)(4)(A) arguably does not apply.

*Stephen v. Antigua Brewery, Inc.,* et al.
Civil No. 1998-202
Order
Page 2 of 3

>  the danger of prejudice to the [non-movant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.[2]

Antigua Brewery states that in the nine years between the case's dismissal and its subsequent reopening in February 2011, its file and documents were lost and it had to reconstruct its file. It further states that it immediately filed an answer when it became apparent that one had not been previously filed. The Court notes that Antigua Brewery's answer was filed approximately one month after the case was reopened, and before plaintiff filed its request for entry of default.

In light of the case's procedural history, the Court finds that none of the parties will be prejudiced by allowing Antigua Brewery to file its answer as of March 22, 2011. Further, the Court notes that the delayed filing of the answer will not adversely impact the case proceedings because the case is still in the initial pleading stage. The Court also finds that Antigua Brewery's delay in filing the answer was reasonable under the circumstances and that Antigua Brewery acted in good faith in filing its answer approximately one month after the case was reopened.

Thus, the Court finds that Antigua Brewery's late filing of its answer was due to excusable neglect. As such, the Court further finds that good cause has been established to accept the answer as of the date filed. Finally, the Court notes that defaults are not favored in this Circuit, and the preference is for cases to be decided on the merits.[3] The premises considered, it is hereby

---

[2] *AGF Marine Aviation & Transportation v. Cassin,* 2007 U.S. Dist. LEXIX 6749, at *6 (D.V.I. Jan. 22, 2007) (quoting *Pioneer Inv. Serv. Co. v. Brunswick Assocs. Ltd. Partnership,* 507 U.S. 380, 395 (1993)).

[3] *United States of America v. $55,518.05,* 728 F. 2d 192, 195-96 (3d Cir. 1984).

*Stephen v. Antigua Brewery, Inc.,* et al.
Civil No. 1998-202
Order
Page 3 of 3

**ORDERED** that plaintiff's request for entry of default is **DENIED**; and it is further

**ORDERED** that Antigua Brewery, Inc.'s answer shall be deemed filed as of March 22, 2011.

S/_____
**RUTH MILLER**
United States Magistrate Judge